UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**11 CIV 1777**

JUDGE BUCHWALD

*Plaintiffs:*

Bletas, Panayota
Bletas, John
Cere, Ornela
Mafidis, Dorotheos
Manolis, Angie- Joan

-against-

**COMPLAINT**

Jury Trial:  ☑ Yes ☐ No



*Defendants:*

Deluca, Frederick
Demarais, Patricia
Subway International BV
Doctor's Associates Inc.
Balamenti, Gina
Corcoran, Kristin, *In House Attorney*
Lee, Tricia , *In House Attorney*
Sussman, Edna , *Arbitrator*
Dorsey, Peter , *Senior Judge*
Appleby, Bethany , *Attorney at Wiggin &Dana LLP*
Malech, Steven , *Attorney at Wiggin &Dana LLP*
Kenny, Michael , *Attorney at Wiggin &Dana LLP*
Wiggin and Dana LLP



**I.  Parties in this complaint:**
   **A.**

Plaintiff No.1
        Name <u>Panayota Bletas</u>
        Street Address <u>Laskareos 48 & Charilaou Trikoupi</u>
        County, City <u>Attica, Athens</u>
        State & Zip Code <u>Greece 11472</u>
        Telephone Number <u>(01130) 210 6432010 & (01130) 693 7464545</u>

1

Plaintiff No.2
    Name John Bletas
    Street Address Laskareos 48 & Charilaou Trikoupi
    County, City Attica, Athens
    State & Zip Code Greece 11472
    Telephone Number (01130) 210 6432010 & (01130) 693 7464545

Plaintiff No.3
    Name Ornela Cere
    Street Address Solonos 94 Str.,
    County, City Attica, Athens
    State & Zip Code Greece 106 80
    Telephone Number (01130) 210 6432010 & (01130) 693 7464545

Plaintiff No.4
    Name Dorotheos Mafidis
    Street Address 1B Pasifais Str.,
    County, City Vari (Lithouriza), Athens
    State & Zip Code Greece 166 72
    Telephone Number (01130) 210 6432010 & (01130) 693 7464545

Plaintiff No.5
    Name Angie- Joan Manolis
    Street Address Laskareos 48 & Charilaou Trikoupi
    County, City Attica, Athens
    State & Zip Code Greece 11472
    Telephone Number (01130) 210 6432010 & (01130) 693 7464545

**B.**

Defendant No.1
    Name Frederick Deluca
    Street Address 325 Bic Drive
    County, City Connecticut , Milford
    State & Zip Code Connecticut , CT 06461 USA
    Telephone Number  203 - 877 4281

Defendant No.2
    Name Patricia Demarais
    Street Address 325 Bic Drive
    County, City Connecticut , Milford
    State & Zip Code Connecticut , CT 06461 USA
    Telephone Number 203 - 877 4281

Defendant No.3

Name <u>Subway International Bv</u>
Street Address <u>325 Bic Drive</u>
County, City <u>Connecticut , Milford</u>
State & Zip Code <u>Connecticut , CT 06461 USA</u>
Telephone Number <u>203 - 877 4281</u>

Defendant No. 4
Name <u>Doctor's Associates Inc</u>
Street Address <u>325 Bic Drive</u>
County, City <u>Connecticut , Milford</u>
State & Zip Code <u>Connecticut , CT 06461 USA</u>
Telephone Number <u>203 - 877 4281</u>

Defendant No.5
Name <u>Gina Balamenti</u>
Street Address <u>325 Bic Drive</u>
County, City <u>Connecticut , Milford</u>
State & Zip Code <u>Connecticut , CT 06461 USA</u>
Telephone Number <u>203 - 877 4281</u>

Defendant No. 6
Name <u>Corcoran Kristin</u>
Street Address <u>325 Bic Drive</u>
County, City <u>Connecticut , Milford</u>
State & Zip Code <u>Connecticut , CT 06461 USA</u>
Telephone Number <u>203 - 877 4281</u>

Defendant No. 7
Name <u>Tricia Lee</u>
Street Address <u>325 Bic Drive</u>
County, City <u>Connecticut , Milford</u>
State & Zip Code <u>Connecticut , CT 06461 USA</u>
Telephone Number <u>203 - 877 4281</u>

Defendant No. 8
Name <u>Edna Sussman</u>
Street Address <u>1633 Broadway</u>
<u>(10th floor, International Center For Dispute Resolution)</u>
County, City <u>New York , New York</u>
State & Zip Code <u>New York  10019 USA</u>
Telephone Number <u>212-</u>

Defendant No.9
Name <u>Peter C. Dorsey</u>
Street Address <u>Richard Lee United States Court House , 141 Church Str.</u>

County, City Connecticut , New Haven
State & Zip Code Connecticut , CT 06510 USA
Telephone Number 203 - 773 2427

Defendant No. 10
        Name Bethany Appleby
        Street Address One Century Tower 265 Church Str.
        County, City Connecticut , New Haven
        State & Zip Code Connecticut , CT 06508 USA
        Telephone Number 203 - 498 4365

Defendant No. 11
        Name Steven Malech
        Street Address 450 Lexington Avenue, Suite 3800
        County, City New York , New York
        State & Zip Code New York 10017 USA
        Telephone Number 212 - 551 2633

Defendant No. 12
        Name Michael L. Kenny Jr
        Street Address 450 Lexington Avenue ,Suite 3800
        County, City New York, New York
        State & Zip Code New York 10017 USA
        Telephone Number 212 - 551 2628

Defendant No. 13
        Name Wiggin And Dana LLP (Company)
        Street Address NY Address: 450 Lexington Avenue, Suite 3800 NY,NY 10017 USA
                CT Address: One Century Tower 265 Church Str. New Haven
                CT 06508 USA
        Telephone Number NY Phone : 212 - 490 1700
                CT Phone :  203 – 498 4400

## II.  BASIS FOR JURISDICTION :

A.  The basis for federal court jurisdiction is both: Federal questions and Diversity of

Citizenship.

**B.**   The federal Constitutional, statutory or treaty right that is at issue is: violation of human and constitutional rights, violation of tax regulations, treaties in accordance to the payment of taxes and antitrust laws.

**C.**   The state or country of citizenship of each party is :

Plaintiff No.1, Panayota Bletas : Greek/European Citizenship

Plaintiff No. 2, John Bletas        : Greek/European Citizenship

Plaintiff No. 3, Ornela Cere        : Greek/Albanian Citizenship

Plaintiff No. 4, Dorotheos Mafidis : Greek/European Citizenship

Plaintiff No. 5, Angie Joan Manolis : Canadian Citizenship


Defendant No. 1, Frederick Deluca, : U.S Citizenship

Defendant No.2, Patricia Demarais : U.S Citizenship

Defendant No.3, Subway International BV, U.S Corporation

Defendant No.4, Doctor's Associate Inc, U.S Corporation

Defendant's No. 5, Gina Balamenti, U. S Citizenship

Defendant No.6, Kristin Corcoran, U.S Citizenship,

Defendant No.7, Tricia Lee, U.S Citizenship,

Defendant No. 8, Edna Sussman, U.S Citizenship,

Defendant No. 9, Peter C. Dorsey, U. S Citizenship,

Defendant No. 10, Bethany Appleby, U.S Citizenship,

Defendant No. 11. Steven Malech, U.S Citizenship,

Defendant No. 12., Michael Kenny, U.S Citizenship,

Defendant No.13, Wiggin & Dana LLP, US Corporation

## III. STATEMENT OF CLAIM:

### a. Preliminary Statements

Plaintiff's file this instant lawsuit against Defendant's requesting compensation and relief by the **"enterprise corruption"** committed by the above Defendant's, and by each criminal offenses or crimes constituted individually by them.

### b. Statement of facts

*__In reference to Defendant's No. 1, Frederick Deluca,  No.2, Patricia Demarais, No.3, Subway International BV, and No.4, Doctor's Associate Inc.__*

Frederick Deluca is the president of Doctor's Associate Inc., and Subway International BV. Patricia Demarais is the International Director of Subway International BV. Both have committed the following criminal offenses or crimes, which need to be investigated by the Authorities:

1) "tax fraud" and "tax evasion"

2) Filing of false tax returns,

3) possibly "money laundering",

4) "cartel" agreements and illegal tying arrangements,

5) threats and boycotting,

6) fraud

7) defamatory libel

8) possibly "bribery", and

9)  accomplices to perjury and forgery.

*(these crimes will be stated thoroughly in our amended complaint with attached exhibits)*

### In reference to Defendant  No. 5, Gina Balamenti

During the hearing of the cases in New York on March 23rd, 2010, Gina Balamenti, as Subway International BV's employee and main witness in the cases, offered two (2) inconsistent testimonies, that were contravened and contrasted by the same witness given in another arbitration proceeding in New York City, in which both Subway International BV and Panayota Bleta (an ex-Subway franchisee in Greece) were individually involved.

Specifically, witness Gina Balamenti on March 23rd, 2010, testified that the increase to 4,5% had been approved in the Greek Market and the advertising fees sought by Subway International BV are calculated by that percentage.

But in the hearing that took place on March 24, 2010 in New York between Subway International BV Vs. Panayota Bletas, the same witness that was offered and who testified to support the same material facts, CHANGED her testimony and **falsely** stated that the percentage of the advertising fees for Greece is not to 4,5% BUT 3,5% and that the advertising fees sought are calculated by 3.5 % and not 4.5%.

It is obvious that witness Gina Balamenti committed perjury and the above misleading and fraudulent statements were offered to achieve that Subway International BV is awarded more amounts than eligible to collect by causing additional damages to Ornela Cere, Panayota Bletas and John Bletas.

### In reference to Defendant No. 6, Kristin Corcoran

1. Attorney Kristin Corcoran is an in – house Attorney in the Legal Department of Doctor's Associate and provides legal assistance to Subway International BV based on a service agreement signed by Doctor's Associate Inc and Subway International BV.

2. Before the International Centre for Dispute Resolution in New York and from March 22 to April 1, 2010, during the proceedings and hearing of cases : Subway International BV Vs, Ornela Cere and Subway International BV Vs John Bletas and Panayota Bletas, she submitted to the Tribunal two forged (the signatures are considered by Judicial Graphologist Maria Karavia, scanned) English affidavits of their witness : Antonios Peridis. The original English affidavits with the original signature have never been submitted until today. Attorney Kristin Corcoran and her client, Subway International Bv, by submitting these forged documents had sole intention to achieve the denial of Ornela Cere's allegation for improper termination, which they succeeded and she was awarded no damages and compensation for the improper termination.

3. Subway International BV has never objected nor has Attorney Kristin Corcoran ever filed a complaint to these serious allegations against her and her client, meaning both she and her client indirectly stipulate and accept the fact that they have both committed the criminal offenses of : constitution and use of forged documents and fraud to the Tribunal and the parties.

4. During the arbitration hearings in New York on March 23rd , 2010, at full knowledge that her main witness Gina Balamenti, Subway International BV's, committed perjury, did not interrupt the testimony nor interfere in order to discontinue for any reason her witness' testimony so as to protect her from causing any further damages.

5. During the arbitration hearings, again, in New York, Attorney Kristin Corcoran unjustifiably created a commotion in all cases concerning "Respondent's exhibit binders", while none of the Arbitrator's found any problem with the exhibits. She constantly objecting to this and threatening to stop the proceedings, delaying by this behavior the arbitral proceedings and causing damages to Panayota Bletas, John Bletas and Ornela Cere since this behavior took up a lot of time from the hearing, that we were paying.

6. She also insisted that all documents should be taken to Subway Headquarters' in Milford, CT, 325 Bic Drive, to be numbered in a specific way she considered appropriate and when we later received the documents, we found that most of our exhibits were missing, tampered or either altered. This is how our exhibit binder's was sent to the Arbitrators.

7. On March 26th, 2010 in New York, on the last day of the hearings, Attorney Kristin Corcoran came in the morning and, before the hearing began, she threatened Attorney Angie Joan Manolis off the Court record, in front of Arbitrator Edna Sussman that if she did not sign a specific document in Subway's favor in the Ornela Cere case, she would force the Arbitrator to revoke her representation in all pending case and subsequently in the other two cases on the grounds of "conflict of interest". These threats were not put on record for reasons only Attorney Kristin Corcoran and Arbitrator Edna Suusman know. This document forced Ornela Cere to withdraw specific and crucial documents from her binder that proved Subway International's misrepresentations before and at the time the franchise agreement, was executed.

7. Attorney Kristin Corcoran has also committed solely and as an accomplice the criminal offenses of perjury and fraud before the District Court of Connecticut and the parties, and specifically:

- On September 13th, 2010 the Legal Department of Subway International BV situated in Milford, CT, 325 Bic Drive, was served with the following legal documents filed before the Supreme Court Of New York, New York County (Article 75- Arbitration) : **a)** Index No. 111996-10 : Panayota Bletas Vs. Subway International BV, Notice of Petition, Verified Petition and Memorandum in law in support of Petition, requesting that the arbitration award dated on August 11, 2010 in New York be vacated, **b)** Index No. 111997-10 : Panayota Bletas and John Bletas Vs. Subway International BV, Notice of Petition, Verified Petition and Memorandum in law in support of Petition, requesting that the arbitration award dated on August 2nd, 2010 in New York be vacated, and **c)** Index No. 111998-10 : Ornela Cere Vs. Subway International BV, Notice of Petition, Verified Petition and Memorandum in law in support of Petition, requesting that the arbitration award dated on August 2nd , 2010 in New York be vacated.

- On October 4th, 2010, Attorney Kristin Corcoran ACKNOWLEDGED RECEIPT of these documents in her e-mail on the same date. These documents contained the following addresses, designated where all documents were to be served by Subway International BV : **Panayota Bletas, Laskareos 48, 114 72 Athens Greece, John Bletas, Laskareos 48, 114 72 Athens Greece and Ornela Cere, Solonos 94, 106 80 Athens Greece.**

<u>Despite these above facts and at full knowledge, Attorney Kristin Corcoran acted in bad faith and under the penalty of perjury, as stated below:</u>

1) She filed on October 29th, 2010 an Application to Confirm An arbitration Award on behalf of Subway International BV before the District Court of Connecticut for in all three cases (3:10-cv-1713, 3:10-cv-1714 and 3:10-cv-1715) and in her Certificate of Service she falsely certifies and states the true address of all parties : Panayota Bletas, Mayromihaleon 36, Halandri Athens 15233, John Bletas, Pittaki 11-13, Psirri Athens, Greece 10554 and **Ornela**

**Cere, 44 Varvaki str, Athens Greece 11474,** even though she was at full knowledge at the time that these WERE INCORRECT ADDRESSES.

2) Attorney Kristin Corcoran knew that Ornela Cere was evicted from the leasehold in 44 Varvaki Str, Athens Greece since July 24, 2009 as the Official Memo of her eviction was submitted during the arbitration procedure as EXHIBIT N -2, that Attorney Kristin Corcoran had in her possession since March 17th, 2010!!!!

3) Attorney Kristin Corcoran was at full knowledge that Panayota Bletas and John Bletas designated address at the time of filing and serving of the Application was Laskareos 48, 114 72 Athens Greece as she acknowledged in her e-mail dated October 4th, 2010. John Bletas had abandoned the leasehold in Pittaki 11-13, Psiri Athens since the year 2006, a fact which her client knew.

4) Attorney Kristin Corcoran and her clients' sole intention by these illegal actions was that Ornela Cere, Panayota Bletas and John Bletas would never find out about these papers, a default judgment confirming the awards would be issued, upon committing fraud against them and an order in favor of Subway International BV would be issued in New York based on this default judgment.

5) Due to the fact that all arbitration hearings took place in New York and Ornela Cere had filed a petition to vacate the award on September 10th, 2010, the city of New York has jurisdiction in this pending case. Despite this legal fact, Attorney Kristin Corcoran had not only improperly served Ornela Cere, Panayota Bletas and John Bletas, by sending the documents to an incorrect address but by enticing them into the jurisdiction of Connecticut by fraud. Courts have ruled that luring a potential "defendant" into the state in order to serve him

with process when no grounds exist to assert jurisdiction over him in that state, violates the individual's right to due process of law.

6) Last but not least, Attorney Kristin Corcoran in her above e- mail dated October 4th, 2010 attempted to mislead Plaintiff's Ornela Cere, Panayota Bletas and John Bletas in accordance to the correct address to serve Subway Interational BV, hoping that they might act as she was indirectly forcing them to do by misrepresenting true facts : In reference to the franchise agreement all documents must also be sent on behalf of Subway International BV to the Legal Department of Doctor's Associate Inc, 325 Bic Drive, Milford, CT . Attorney Kristin has designated from the beginning of the arbitration proceedings in all three cases between the same parties, that all documents must be served on behalf of Subway International BV at 325 Bic Drive, Milford, CT 06461 . Ornela Cere, Panayota Bletas and John Bletas in good faith, complied with Attorney Kristin Corcoran's statements.

8. Kristin Corcoran's indirectly threatened both local Attorney Thomas Bucci, who had appeared in the cases pending in Connecticut in order for Attorney Angie Joan Manolis to be admitted "pro hac vice", with a letter she personally wrote and signed in December, 2010, stating false and defamatory allegations against Attorney Manolis.

9. Attorney Kristin Corcoran, without good cause, continuously has requested extension of time in all three cases pending in Connecticut, succeeding in the delay of an issuance of an Order, despite the fact that under CT Rules of Professional Conduct, no attorney shall cause any delay without good cause to the proceedings.  This has been causing damages to Ornela Cere, Panayota Bletas, John Bletas, Dorotheos Mafidis and Angie Joan Manolis, morally and economically.

10. **Attorney Kristin Corcoran's connection with Judge Peter Dorsey should be investigated along with the below similar 39 cases between Judge Peter Dorsey, Subway International Bv,**

**Doctor's Associate Inc.  and Attorney Kristin Corcoran, that we were able to find, not excluding the fact that there are more cases similar to the ones stated below, and specifically:**

a) Subway International BV Vs. Elgendy, Case No. 3 : 2011cv00065

b) Subway International BV Vs. Elguenzabal et al, Case No. 3 : 2007cv00896

c) Subway International BV Vs. Nasri, Case No. 3 : 2010cv01589

d) Subway International BV Vs. Sulliman, Case No. 3 : 2010cv00208

e) Subway International BV Vs. Rascol et al, Case No. 3 : 2008cv00197

f) Subway International BV Vs. Slingh et al, Case No. 3 : 2008cv00192

g) Subway International BV Vs. Khan et al, Case No. 3 : 2008cv00180

h) Subway International BV Vs. Mckee, Case No. 3 : 2009cv01695

i) Subway International BV Vs. Bastian, Case No. 3 : 2009cv01675

j) Subway International BV Vs. Ctill, Case No. 3 : 2009cv01622

k) Subway International BV Vs. Feeney, Case No. 3 : 2009cv00535

l) Subway International BV Vs. Veerboek et al, Case No. 3 : 2009cv00272

m) Subway International BV Vs. Thakerar, Case No. 3 : 2008cv01908

n) Subway International BV Vs. Rascol et al, Case No. 3 : 2008cv01781

o) Subway International BV Vs. Quigley, Case No. 3 : 2008cv01689

p) Subway International BV Vs. Bond, Case No. 3 : 2008cv01565

q) Subway International BV Vs. Hirst, Case No. 3 : 2008cv01566

r) Subway International BV Vs. O' Connor, Case No. 3 : 2008cv01439

s) Subway International BV Vs. Yazbeck, Case No. 3 : 2008cv01287

t) Subway International BV Vs. Rutten, Case No. 3 : 2008cv01283

u)  Subway International BV Vs. De Witt, Case No. 3 : 2008cv00990

v)  Subway International BV Vs. Ledesma, Case No. 3 : 2008cv00900

w)  Subway International BV Vs. Hathaway et al, Case No. 3 : 2008cv00844

x)  Subway International BV Vs. Hathaway, Case No. 3 : 2008cv00793

y)  Subway International BV Vs. Medikonda, Case No. 3 : 2008cv00719

z)  Subway International BV Vs. Beijulji, Case No. 3 : 2008cv00705

aa) Subway International BV Vs. Chapman, Case No. 3 : 2008cv00257

bb) Subway International BV Vs. Cole, Case No. 3 : 2008cv00258

cc) Subway International BV Vs. Patel et al, Case No. 3 : 2007cv01895

dd) Subway International BV Vs. Baxani, Case No. 3 : 2007cv00895

ee) Subway International BV Vs. Dizon, Case No. 3 : 2007cv00420

ff)  Subway International BV Vs. Nazir, Case No. 3 : 2007cv00137

gg) Subway International BV Vs. Mauk et al, Case No. 3 : 2006cv00213

hh) Subway International BV Vs. Elgendy, Case No. 3 : 2011cv00065

ii)  Subway International BV Vs. Giraldi, Case No. 3 : 2005cv01847

jj)  Subway International BV Vs. Osayi, Case No. 3 : 2005cv01849

kk) Subway International BV Vs. Tsai, Case No. 3 : 2005cv01158

ll)  Subway International BV Vs. Keller, Case No. 3 : 2005cv00460

mm) Subway International BV Vs, Randeep Singh and Harjinder Kaur, Case No. 3:2008cv192


- In the majority the above cases and the decisions issued are on default of the Defendants, the cases are handled exclusively between Judge Peter C. Dorsey and Attorney Kristin Corcoran and it comes to doubt if taxes have been paid on the amounts confirmed in these cases, and

- Under the laws of probability, how is it possible that the same Judge repeatedly handles all case with the same Attorney and the same Plaintiff?
- How can this Judge be impartial?
- Why do cases assigned to another Judge concerning Subway International BV in the majority are transferred back to Judge Peter Dorsey to handle?

Therefore, Attorney Kristin Corcoran has not only proven clear unprofessional and illegal behavior against Ornela Cere, Panayota Bletas, John Bletas, Dorotheos Mafidis and Angie Joan Manolis, but has, also, committed the criminal offenses of : constitution and use of forged documents, perjury, fraud, tampered documents, threat, defamatory libel, and possibly is an accomplice to the crimes of "tax fraud" , "bribery" and "money laundering".

### *In reference to Defendant No. 7, Tricia Lee*

Attorney Tricia Lee is an in – house Attorney in the Legal Department of Doctor's Associate and provides legal assistance to Subway International BV based on a service agreement signed by Doctor's Associate Inc and Subway International BV.

In the Mafidis case, our franchise agreement states that Dorotheos Mafidis is an international franchisee and therefore, all arbitration hearing will be held in New York, USA before the International Dispute Resolution Centre, Subway International Bv. Attorney Tricia Lee, upon full knowledge of this fact, illegally filed the Notice of Arbitration before the American Dispute Resolution Center in New Britain, CT that only resolves disputes between American franchisees and Subway, not Subway International Bv.

Dorotheos Mafidis was never able to appear at the arbitration hearing because Subway International Bv and their Attorney Tricia Lee sent him the documents on February 4th, 2009 (on the day of the hearing) and Dorotheos Mafidis received these documents on February 10th, 2009 and the Arbitration Award was already issued on February 6th, 2009.

Attorney Tricia Lee has committed fraud, misconduct and unprofessional behavior as courts have ruled that luring a potential "defendant" into the state in order to serve him with process when no grounds exist to assert jurisdiction over him in that state, violates the individual's right to due process of law.

### In reference to Defendant No. 8, Edna Sussman

Arbitrator Edna Sussman handled the following cases in New York before the International Centre for Dispute Resolution: a) Subway International Bv and Panayota Bletas and John Bletas, Case No. 50 114 T 00474 09 and b) Subway International Bv and Ornela Cere, Case No. 50 114 T 00477 09.

Arbitrator Edna Sussman refused to consider the Partial Award of Arbitrator dated June 17th, 2010 issued by Arbitrator John Holsinger in the case: Subway International BV Vs Panayota Bletas, and issued two CONTRADICTORY DECISIONS (2) between the same parties in New York City on August 2nd, 2010, and in clear violation of public policy and by exceeding her powers and authority in the Ornela Cere, John Bletas and Panayota Bletas case, she ordered and awarded the payment of royalty and advertising fees to Subway International BV WITHOUT THE WITHHOLDING OF TAXES!!!

The Final awards of Arbitrator Edna Sussman dated August 2nd, 2010, were a clear violation of public policy and the terms of the franchise agreement, arbitrator exceeded her powers and authority, committed misconduct, the arbitrator refused to hear pertinent and material evidence to the controversy that deprived Ornela Cere, John Bletas and Panayota Bletas of the right to a fair trial, and the award was procured by corruption and fraud.

In accordance to paragraph 11 k of the franchise agreement, all payments made to Subway International BV are **required by law to withhold taxes**. The payment of royalties and advertising fees to SIBV from Ornela Cere, John Bletas and Panayota Bletas awarded in the final awards are subject to withholding of taxes, and specifically, seven per cent (7%) on the amount requested. Arbitrator Edna Sussman, failed to comply with the law and regulations concerning the payment of taxes on the amounts awarded and the filing of tax forms to the competent taxing authorities, and, subsequently, failed to comply with the provisions of the franchise agreement. Such arbitration award is irrational and a clear violation of public policy, as the arbitrator was obligated by law and by the provisions of the franchise agreement to:

- Award the payment of royalty and advertising fees, but under the term and condition that:

*...when the amount is paid it will be subject to withholding of taxes and to the filing by Subway International BV of a new tax form..."*

The failure to file the appropriate tax forms and the non- payment of taxes IS ILLEGAL, both parties will have committed the crime of "tax evasion" or even "tax fraud". The failure by the Arbitrator to order the filing of the appropriate tax forms and the payment of taxes on the awarded amount to Subway International BV can, also, be considered as "tax fraud" against the Federal

Government as the above Award consists the willful attempt to evade or default the payment of taxes due and owed by both parties.

Subsequently, the award constitutes a new agreement between the parties. Arbitrator Edna Sussman, by issuing the final award of arbitrator, not only altered paragraph 11k of the franchise agreement, but created a new provision of the agreement that awards further sums to the Respondent not eligible to collect and which is illegal.

During the arbitration proceedings that took place in New York, Arbitrator Edna Sussman denied the presentation of crucial evidence concerning two (2) English affidavits of Antonios Peridis, that were found to be forged.

It must be noted that Arbitrator had granted Ornela Cere the right to rebuttal the above affidavits, but when informed of the possibility of "forgery" by Subway International BV and its Attorney Kristin Corcoran, she refused any more submissions by the Ornela Cere, depriving her a prior granted right to object and closed the case.

The arbitrator's decision not to allow a continuance was an abuse of discretion tantamount to misconduct, considering that it was granted and the delay to object needed only to be for a short time and with good cause, as any criminal action taken during the proceedings, clearly effects the outcome of the award. This failure on behalf of arbitrator Edna Sussman was an "irregularity" that caused the arbitrator to render "an unjust, inequitable, or unconscionable award". Moreover, the arbitrator **denied Petitioner a full and fair hearing in violation of the Uniform and Federal Arbitration Act, by refusing to admit the specific evidence offered by Ornela Cere. By preventing her from introducing this evidence, SHE DENIED HER A HEARING.**

Last but least, in consideration to the above "misconduct" and behavior by Arbitrator Edna Sussman during the hearing, one might conclude possible partiality in favor of Respondent, Subway International BV, even bias and prejudice of arbitrator, and specifically:

- In the morning of March 26th, 2010, in private communication between arbitrator Edna Sussman, Attorney Kristin Corcoran and Attorney Angie Joan Manolis, that was not put on record by consent of the arbitrator and Attorney Kristin Corcoran, the following event took place : the latter "forced" Attorney Angie Joan Manolis to sign, as Ornela Cere's attorney, a "waiver" of crucial evidence in her favor that proved Respondent's, Subway International Bv's misrepresentations to her before and at the time of execution of the franchise agreement. Attorney Kristin Corcoran threatened, in the presence of the arbitrator, that if Attorney Manolis did not sign this document, she would stop all proceedings and the hearings, by objecting to the representation of all the Greek Market by the same Attorney, as this constitutes, by her opinion, 'conflict of interest". Arbitrator Edna Sussman did not interfere and did not prohibit Attorney Kristin Corcoran to threaten Attorney Manolis, on the contrary she ordered that Attorney Manolis sign this paper, which in the end Attorney Manolis was "forced" to do beside her free will, and

- Arbitrator relied on non – existing exhibits, specifically R -L13 in page 13, meaning she "created a new exhibit, with sole purpose and intention to deny Petitioner's allegation of improper termination and not grant any damages nor compensation, and, subsequently, sustain Respondent's objection.

Such above improper behavior is not in the scope and obligations of the arbitrator, and, therefore, can lead to actual doubt of partiality of the arbitrator in favor of the Respondent.

Therefore, Arbitrator Edna Sussman has proven to be bias and prejudiced and must be investigated in accordance to any involvement in the crimes of "tax fraud" , "bribery" and "money laundering"

### *In reference to Defendant No. 9, Peter C. Dorsey*

Senior Judge Peter C. Dorsey is the presiding Judge in the following cases pending in New Haven, Connecticut: a) Subway International BV Vs Ornela Cere, Case No. 3:10-cv-1713, b) Subway International BV Vs John Bletas and Panayota Bletas, Case No. 3:10-cv-1714, c) Subway International BV Vs Panayota Bletas, Case No. 3:10-cv-1715, and d)Dorotheos Mafidis and Tatiana Mafidis VS. Subway International Bv, Case No. 3:10-cv-119.

1. Subway International BV has filed an Application to Confirm an Arbitration Award before the United States District Court, District of Connecticut, despite the fact that this Court does not have jurisdiction and in full knowledge that the same case was pending in New York (which has jurisdiction) to be vacated.

2. Ornela Cere, Panayota Bletas and John Bletas have filed from the beginning an Opposition to the Application to Confirm, later all the above filed a Motion to Transfer the cases or the alternative solution to dismiss the case due to lack of personal and subject-matter jurisdiction, Judge Peter Dorsey has not dismissed these actions nor has he transferred these cases to New York but, on the contrary, without reasonable justification and good cause has kept these cases open and pending.

3. In the majority, Subway International BV's motions and requests have all been granted, NONE have been denied and others are still pending. Judge Peter Dorsey has also repeatedly granted Subway International BV's motion for extension of time without good cause. On the

contrary, Ornela Cere's, John Bletas' and Panayota Bletas' motions have been denied in the majority, some are still pending and only one motion for extension of time was granted. This statistically proves our allegations of bias and prejudice in favor of Subway International BV.

4.  Prior to the Judicial Conference that was set to be heard on the 28th of January, 2011, Judge Peter Dorsey revoked our Attorney Angie Joan Manolis (even though she was practicing law in CT for almost a year), that was admitted upon his order "pro hac vice" and struck all her filings off the record. We were forced to appear "pro se" and to re-file all legal documents that were not supposed to be stricken off the record.

5.  The Judicial Conference on the 28th of January was postponed and was set to be heard on the 4th of February, 2011. Judge Peter Dorsey and his clerks or legal assistants would not inform us when and if the Judicial Conference would be heard on that date. And after the complete violation of Panayota Bletas' and Angie Joan Manolis' human and constitutional rights for three (3) consecutive days by order of Judge Peter C. Dorsey in the Courthouse, Panayota Bletas and Attorney Angie Joan Manolis were forced to communicate with Chief Judge Alvin Thompson to request his intervention in such illegal matter and Attorney Angie Joan Manolis appeared before the FBI in Connecticut seeking protection for both herself and Panayota Bletas.

6.  After the above events took place, the Judge's Clerks notified us that the Judicial Conference will proceed, but again by order of Judge Peter Dorsey the issues submitted to be discussed concerning illegal actions and misconduct by Attorney Kristin Corcoran WERE NOT DISCUSSED. The Judicial Conference was altered into a Status Conference that referred to the disputes arising from the cases, which we were not informed of and, as Panayota Bletas stated before the State Marshall's that were present during the Conference, these are not the

issues that were arranged to be discussed and that she has no intention to discuss anything else.

7. It must be taken into consideration that my European Attorney Angie Joan Manolis, former Attorney admitted pro hac vice in the State of Connecticut, was also authorized by all Plaintiff's to appear as a witness in our cases. Judge Peter Dorsey had communicated on the day of the Conference that in order for the Conference to proceed, my European Attorney, also my witness would be deprived the freedom of speech, and was prohibited to appear as my witness in the Conference, in violation not only of the American's Bar Association Section of International Law but also of the Constitution of the United States and the European Directives concerning the violation of human and constitutional rights of European citizens.

8. We are European citizens and no Authority under any law can deprive our rights to be escorted by a European Attorney of our country. On the contrary, all Courts must allow the presence of such Attorney and in many Courts in the United States such Attorney's are verbally allowed in hearings by the presiding Judge to appear pro hac vice, upon verbal request of the European Attorney, in order to represent their client, despite the fact that they do not officially practice law in the States, under the condition that they are familiar with the Local and Federal Rules of that specific State.

9. On February 7th, 2011, Judge Peter Dorsey issued a "misleading" order stating that the parties addressed their concerns on February 4th, 2011 during the Conference, which was not true. The true fact was that Panayota Bletas was prohibited, by order again of Judge Peter Dorsey, to refer to any matter concerning the illegal actions of Attorney Kristin Corcoran in this case and before the United States District Court, District of Connecticut.