```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
PANAYOTA BLETAS, et al.,

                     Plaintiffs,

        - against -

FREDERICK DELUCA, et al.,

                     Defendants.
------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 01/17/2012

**M E M O R A N D U M**

11 Civ. 1777 (NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

On January 1, 2012, we wrote to plaintiffs in response to various letters and applications that we had received from them. It was our hope that our letter would have provided plaintiffs clarity sufficient to allay any of their concerns or questions. We are now in receipt of plaintiffs' letters, dated January 5, 2012 and January 10, 2012. Based on their correspondence, our hope appears unfulfilled. So that there is no gap in the record, we file our letter as an attachment to this memorandum. While many of the issues raised in plaintiff's recent letters do not merit a response, we do take this opportunity to clarify that in addition to there being no transcript there is also no tape recording of the conference held on May 26, 2011.

Dated:   New York, New York
         January 17, 2012

                                        NAOMI REICE BUCHWALD
                                        UNITED STATES DISTRICT JUDGE

Copies of the foregoing Memorandum have been emailed on this date to the following:

Plaintiffs:
Panayota Bletas
Laskareos 48 & Charilaou Trikoupi
Attica, Athens
GREECE 11472

John Bletas
Laskareos 48 & Charilaou Trikoupi
Attica, Athens
GREECE 11472

Ornela Cere
Solonos 94 Str.
Attica, Athens
GREECE 10680

Dorotheos Mafidis
1B Pasifais Str.
Vari (Lithouriza), Athens
GREECE 16672

Angie-Joan Manolis
Laskareos 48 & Charilaou Trikoupi
Attica, Athens
GREECE 11472

Attorney for Defendant United States District Judge Peter C. Dorsey:
Christine S. Poscablo, Esq.
U.S. Attorney's Office
86 Chambers Street, 3rd Floor
New York, NY 10007

Attorney for Defendant Edna Sussman:
Theodore L. Hecht, Esq.
Schnader Harrison Segal & Lewis LLP
140 Broadway, Suite 3100
New York, NY 10005

<u>Attorney for the Subway Defendants</u>:
Kevin M. Kennedy, Esq.
Wiggin and Dana LLP
One Century Tower
265 Church Street, P.O. Box 1832
New Haven, CT 06911

Header:
Attachment

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
UNITED STATES COURTHOUSE
500 PEARL STREET
NEW YORK, NY 10007-1312

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

212-805-0194

January 1, 2012

**VIA MAIL AND/OR EMAIL**

Panayota Bletas
Laskareos 48 & Charilaou Trikoupi
Attica, Athens
GREECE 11472

Ornela Cere
Solonos 94 Str.
Attica, Athens
GREECE 10680

Angie-Joan Manolis
Laskareos 48 & Charilaou Trikoupi
Attica, Athens
GREECE 11472

John Bletas
Laskareos 48 & Charilaou Trikoupi
Attica, Athens
GREECE 11472

Dorotheos Mafidis
1B Pasifais Str.
Vari (Lithouriza), Athens
GREECE 16672

Kevin M. Kennedy, Esq.
Wiggin and Dana LLP
One Century Tower
265 Church Street, P.O. Box 1832
New Haven, CT 06911

**Re: Panayota Bletas, et al. v. Frederick Deluca, et al.
11 Civ. 1777 (NRB)**

Dear Gentlepersons and Counsel:

To place the later discussion in context, we review the recent activity in this case. On November 14, 2011, we granted defendants' motions to dismiss and motion for sanctions. On November 28, 2011, plaintiffs moved for reconsideration; however, on December 5, 2011, we struck their moving papers for failure to comply with the Local Civil Rules and this Court's individual practices but afforded them fourteen (14) days in which to submit compliant papers, if they wished. On December 6, 2011, the following day, those defendants whose motion for sanctions was granted submitted an affidavit regarding their expenses incurred in moving for sanctions. On December 12, 2011, plaintiffs again moved for reconsideration. On December 16, 2011, having found that plaintiffs had chosen once again to defy the Local Civil Rules, this Court's individual practices, and this Court's Order, dated

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

2

December 5, 2011, we denied their motion for reconsideration. In a letter, also dated December 16, 2011, plaintiffs informed this Court of their intention to oppose the defendants' submission regarding expenses and also represented that they had filed a Notice of Appeal on December 15, 2011 and that they would shortly seek a stay of the "judgment" entered against them. A review of the docket on December 16, 2011, however, did not indicate that plaintiffs had filed a Notice of Appeal.

We have now received plaintiffs' opposition, filed on December 23, 2011, to defendants' corrected submission regarding expenses, which was filed on December 19, 2011 and addressed the unintentional omission of one of the plaintiffs from the group against whom an award of attorney's fees and costs was initially sought earlier in the month. In addition, we have received defendants' reply, filed on December 29, 2011, to plaintiffs' opposition. We have now also received plaintiffs' order to show cause, dated December 27, 2011, as well as their letters, dated December 28, 2011 and December 30, 2011. A review of the docket on December 30, 2011 revealed that plaintiffs' Notice of Appeal, which was filed on December 15, 2011, was docketed on December 29, 2011 and that their Amended Notice of Appeal was filed and docketed on December 30, 2011.

In their opposition, plaintiffs seek to stay enforcement of the "judgment" against them pending resolution of their intended appeal of this Court's Orders, dated November 14, 2011 and December 16, 2011. We first note that no judgment has yet been entered against plaintiffs and that therefore no stay of its enforcement is possible. We also note that the Second Circuit "has 'rejected the doctrine of pendent appellate jurisdiction as a basis to review an undetermined award of attorneys' fees, even when the question of liability for the fees had been consolidated with other decisions that were final.'" O & G Indus., Inc. v. Nat'l R.R. Passenger Corp., 537 F.3d 153, 167 (2d Cir. 2008) (quoting Krumme v. WestPoint Stevens Inc., 143 F.3d 71, 87 (2d Cir. 1998). See also Cooper v. Salomon Bros. Inc., 1 F.3d 82, 84-85 (2d Cir. 1993) (same in the context of Rule 11). While the Second Circuit "lack[s] jurisdiction over the issue of sanctions, [it is] not barred from considering those decisions . . . that are final," namely our orders dismissing plaintiffs' amended complaint in its entirety and denying their motion for reconsideration. Id. at 85. Though it does not appear that we are obliged to stay imposition of an award against plaintiffs pending their appeal, we are not opposed to waiting to address the issue of attorney's fees and costs until after the resolution of that appeal. Given that the appeal naturally bears on the appropriateness of sanctions, we are inclined to adopt this approach and will wait to address defendants' corrected submission regarding expenses until the Second Circuit rules.

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

3

      Finally, in their letter, dated December 28, 2011, plaintiffs seek a copy of the transcript of the conference held on May 26, 2011. In their opposition and order to show cause, plaintiffs similarly reference their need for a certified copy of this transcript, which general issue they previously raised in their motions for reconsideration. The simple answer to plaintiffs' request is that there is no transcript of the conference. What there is are notes taken by the Court's law clerk, which were for chambers's use only and are not available to any party. If for any proceedings the plaintiffs wish to have a transcript prepared, then they may arrange for a court reporter at their own expense.

Very truly yours,

*[signature]*

Naomi Reice Buchwald
United States District Judge

CC:    Theodore L. Hecht, Esq.           Christine S. Poscablo, Esq.
        Schnader Harrison Segal & Lewis LLP  U.S. Attorney's Office
        140 Broadway, Suite 3100           86 Chambers Street, 3rd Floor
        New York, NY 10005               New York, NY 10007